PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  1:25-cr-204-4 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| SYDNEY ANTHONY *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |
| | ) | [Resolving ECF Nos. 355 and 356] |

Pending before the Court is Defendant Sydney Anthony's Motion to Dismiss or in the

Alternative Sever.  ECF No. 355 [SEALED]; ECF No. 356.[1]  The Government opposed the

Motion.  ECF No. 380 [SEALED].  The Court conducted a hearing on May 8, 2026 to address

Defendant's Motion to Dismiss and ordered the parties to submit post-hearing briefs under seal.

Min. of Proc. [non-document] Hr'g 5/8/2026.  The parties timely filed their post-hearing briefs.

Gov't Post-Hr'g Br. ECF No. 405 [SEALED]; Def. Post-Hr'g Br. ECF No. 406 [SEALED].  For

the reasons stated herein, Defendant's Motion to Dismiss or Sever (ECF No. 355 and ECF No.

365) is denied.

## I.      BACKGROUND

In her initial Motion to Dismiss, Defendant Sydney Anthony claims that her indicted

conduct was undertaken pursuant to cooperation agreements with law enforcement.  ECF No.

355 at PageID ##: 1696–97 [SEALED].  Specifically, Defendant alleged that she communicated

---

[1] ECF No. 356 is a public, redacted copy of ECF No. 355.  For ease of reference,
the Court will refer to ECF No. 355.

(1:25CR204-4)

with investigative targets pursuant to these cooperation agreements and that the Government

should not be permitted to rely on such communications as evidence of a criminal conspiracy

against Defendant.  ECF No. 355 at PageID ##: 1697–98 [SEALED].

The Government initially framed Defendant's argument as alleging "outrageous

government conduct" claim.  ECF No. 380 at PageID ##: 1915–16 [SEALED].  During the

hearing, however, Defendant clarified that she was raising an "estoppel due process" claim.

Hr'g Tr. ECF No. 400 at PageID #: 2281, 5:22–24 [SEALED].  The Court ordered the parties to

submit post-hearing briefs regarding Defendant's estoppel argument.  Min. of Proc. [non-

document] Hr'g 5/8/2026.

## II.      LAW AND DISCUSSION

### A.  Motion to Dismiss

On a motion to dismiss an indictment, "the Court must view the

Indictment's factual allegations as true, and must determine only whether the Indictment is

'valid on its face.'" *United States v. Campbell,* Case No. 02–80863, 2006 WL 897436, at *2–3,

2006 U.S. LEXIS 16779, at *7 (E.D. Mich. April 6, 2006) (citing *Costello v. United States,* 350,

U.S. 359, 363 (1956)).

"Entrapment by estoppel" applies when an official tells a defendant that certain conduct

is legal and the defendant believes that official to his or her detriment.  *United States v. Triana,*

468 F.3d 308, 316 (6th Cir. 2006) (citing *Cox v. Louisiana*, 379 U.S. 559 (1965)).  To prove the

"entrapment by estoppel," a defendant must show: (1) a government agent announced that the

charged conduct was legal; (2) the defendant relied on the agent's announcement; (3) the

defendant's reliance was reasonable; and (4) given the defendant's reliance, prosecution would

be unfair.  *Id*. (citing *United States v. Levin*, 973 F.2d 463, 468 (6th Cir. 1992)).

(1:25CR204-4)

As the Government noted in its post-hearing brief, ECF No. 405 at PageID #: 2367 [SEALED], entrapment by estoppel is an affirmative defense. *United States v. Theunick*, 651 F.3d 578, 589 (6th Cir. 2011).  The Sixth Circuit holds that "[i]t is seldom appropriate to grant a pre-trial motion to dismiss based on an entrapment defense, because the defense focuses on a defendant's state of mind, an evidentiary question." *United States v. Schaffer*, 586 F.3d 414, 426 (6th Cir. 2009) (citing *United States v. Fadel*, 844 F.2d 1425, 1431 (10th Cir. 1988)).  Dismissal based on an entrapment defense is appropriate only if there is undisputed evidence demonstrating a patently clear absence of predisposition. *United States v. Booker*, 596 F. App'x 390, 392 (6th Cir. 2015) (citing *United States v. Harris*, 9 F.3d 493, 497–98 (6th Cir. 1993)); *see Mathews v. United States*, 485 U.S. 58, 63 (1988) ("The question of entrapment is generally one for the jury, rather than for the court.").

Defendant has not shown that there is a "patently clear absence of predisposition" in this case.  Indeed, there remain several questions as to whether Defendant's actions were motivated and sanctioned under the cooperation agreements.  Such questions are for the jury to resolve.  Defendant has not demonstrated that she was entrapped as a matter of law, and, accordingly, the Motion to Dismiss is denied.  Defendant's entrapment defense and any related jury instruction—and the need for it—are decisions to be made at trial.

### B.  Motion To Sever

Two rules of federal criminal procedure govern Defendant's motion to sever. Fed. R. Crim. P. 8(b), provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

3

(1:25CR204-4)

Under Fed. R. Crim. P. 14(a), a defendant may move for relief from prejudicial joinder if "an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). "To show prejudice, '[t]he movant must demonstrate an inability of the jury to separate and treat distinctively evidence relevant to each particular defendant.'" *United States v. Burks*, Nos. 22-6094/6101/6102, 2024 WL 4250334, at * 9 (6th Cir. Sept. 20, 2024) (quoting *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987)).

Rule 14(a) permits district courts to exercise discretion to sever *or* "provide whatever other relief justice requires." Fed. R. Crim. P. 14. "The severance of a trial of defendants who were jointly indicted is an extraordinary remedy, employed only to alleviate a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." 1 SIXTH CIRCUIT CRIMINAL HANDBOOK § 73; *see Powell v. United States*, No. 20-1782, 2021 WL 613416 (6th Cir. Jan. 4, 2021). In *Zafiro v. United States*, 506 U.S. 534, 538- 39 (1993), the Supreme Court noted that less drastic measures are often sufficient to cure any potential risks of prejudice.

In this case, Defendant argues her alleged involvement in the indicted criminal conspiracy arises from her role as a confidential information. As such, she claims that her defense will focus on her cooperation agreements with law enforcements and will likely present "mutually antagonistic defenses" against her co-defendants. ECF No. 355 at PageID #: 1698 [SEALED]. The Sixth Circuit holds that mutually antagonistic defenses are not per se prejudicial and do not mandate severance. Rather, the trial court must consider whether there is "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Breinig*, 70 F.3d 850, 853 (6th Cir. 1995) (citing *Zafiro*, 506 U.S. at 539). Therefore, Ms.

(1:25CR204-4)

Anthony must identify a specific trial right implicated by the joinder.  *Lang v. Gundy*, 399 F. App'x 969, 976 (6th Cir. 2010).  She identified no such trial rights in either her motion, during the hearing, or in her post-hearing brief.  Moreover, the Court can take less drastic measures to cure any potential risks of prejudice that may arise due to joinder.  Accordingly, the Motion to Sever is denied.

### III.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss or Sever (ECF No. 355 [SEALED]) is denied.

IT IS SO ORDERED.


May 27, 2026                                                         */s/ Benita Y. Pearson*
Date                                                                   Benita Y. Pearson
                                                                           United States District Judge

5